JEROME EDDY v. ARTHUR C. McCALL.

[See 71 Mich. 497.]

*Chattel mortgages—Assignment of—Affidavit for renewal.*

1. An affidavit of renewal of a chattel mortgage upon a stock of lumber and other material kept for sale in connection therewith, including all other lumber, stock, or material of every kind which the mortgagors might thereafter add to said business, which states that the mortgagee's interest in the chattels described in the mortgage remains unchanged, and is hereby renewed for the amount claimed to be due upon the mortgage, is sufficient to continue the mortgage in force as to such *after-acquired* property.

2. Where a chattel mortgage had been assigned as collateral security, but was surrendered by the assignee to the mortgagee before he brought suit for an alleged illegal attachment of the property, said assignee assenting to such suit and accepting other securities in lieu of the mortgage, but not formally re-assigning the same, the defendant cannot complain that his interests, if he has any, were affected by such assignment.

Error to Genesee. (Newton, J.) Argued October 8, 1889. Decided November 1, 1889.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Edget, Brooks & Conway,* for appellant.

*Baldwin & Eddy,* for plaintiff.

[ The points of counsel are fully stated in the opinion. —REPORTER.]

SHERWOOD, C. J. The plaintiff brings trover to recover of the defendant, who is sheriff of the county of Genesee, for a certain quantity of lumber seized by him under a writ of attachment issued in favor of one Little-field against Samuel J. Lewis. The property was subsequently sold under an execution issued in the case. .

The plaintiff bases his right to recover upon a chattel mortgage given to him by Lewis and wife prior to the attachment proceedings, and which had been kept in force by proper renewals. The case was first tried at the December term of the Genesee circuit, and a verdict was rendered for the defendant, which was subsequently reversed on appeal to this Court. See 71 Mich. 497 (39 N. W. Rep. 734.) On the second trial the verdict was for the plaintiff, and the proceedings in that trial are now before us for review. A full statement of the facts appear in the opinion given when the case was first before us, as will be seen by a reference thereto.

In the present case the defenses urged at the circuit were substantially as follows:

1. That the renewals of the plaintiff's mortgage were not in compliance with the statute, and did not have the effect to keep the plaintiff's security alive as against the attachment and execution levy.

2. That the plaintiff, before the bringing of the suit, had assigned the mortgage, and was not at the time of the institution of the suit the legal holder thereof.

3. That by a settlement effected between the mortgagors and the mortgagee the mill and other property had been turned over to the mortgagee in complete and absolute satisfaction of the debt, and had thereby terminated all interest in the mortgage and the mortgaged property."

The other facts litigated on the trial related to the measure of damages.

The principal points relied upon in this Court are: That the renewals of plaintiff's chattel mortgage were not in compliance with the statute, and did not have the effect to keep the plaintiff's security alive as against the attachment and execution levy; that the plaintiff, at the time of the institution of the suit, was not the legal holder or owner thereof; that a settlement between parties to the chattel mortgage was made, by which the mill and other property had been conveyed to the mortgagee in full satisfaction of the chattel mortgage debt; that errors were committed by the court in the admission of testimony, to the prejudice of the defendant in making his defense. Thus it will be seen that the same defenses are relied upon in this Court as were passed upon at the circuit.

The first point was ruled against defendant when the case was formerly before us, and we have discovered nothing changing our views then expressed.

The second point is not well made. The facts upon which it was based were passed upon by the jury under

a proper charge by the court. The mortgage had been assigned as collateral security by the plaintiff to one Whaley for an indebtedness to him, but was surrendered to the plaintiff, before suit was brought by the assignee, who assented to plaintiff's bringing this suit, and accepted other securities for the payment of the indebtedness. Certainly the defendant could not complain that his interests, if he had any, were affected by this transaction.

The third point was settled by the verdict of the jury in favor of plaintiff. If no error was committed in the rulings, in taking the testimony, or in the charge upon that subject,—and an examination of the record discloses none,—further review of the testimony and the charge could serve no useful purpose in this opinion.

The judgment must be affirmed.

CHAMPLIN and CAMPBELL, JJ., concurred. MORSE and LONG, JJ., did not sit.