# Rotten v. Collier & Co.

## Statutory Action of Detinue.

1. *Action of detinue by mortgagee; right to maintain action not affected by assignment of mortgage, if surrendered before commencement of suit.*—Where the right to the property sued for in an action of detinue is

based upon a mortgage given to plaintiff by defendant, the mortgagee's right of recovery can not be affected by the fact that he had assigned the mortgage as collateral security for a loan of money, if before suit was brought the assignee thereof had surrendered the mortgage to plaintiff.

2. *Detinue; sale of property by plaintiff pending suit.*—Where in a statutory action of detinue, after the defendant fails to give bond for the statutory period, the plaintiff gets possession of the property sued for by giving bond as allowed by statute (Code, § 2718), and sells the same during the pendency of said suit, such sale does not defeat or affect plaintiff's right to maintain the action.

APPEAL from the Circuit Court of Pike.

Tried before the Hon. JOHN R. TYSON.

The appellees, T. A. Collier & Company, brought a statutory action of detinue against the appellant, D. C. Rotten, to recover certain personal property described in the complaint. The defendant pleaded the general issue, and the following special pleas : "2d. That after the commencement of this suit and before plea pleaded thereto and issue joined in said cause, the plaintiff sold said property sued for and parted with the title thereto. 3d. That after the bringing of said suit, and after filing plea thereto, the plaintiff sold said property sued for, and parted with the title thereto, wherefore he should not be allowed to further maintain this suit." The plaintiffs moved to strike pleas number two and three from the file, which motion the court granted, and ordered said pleas stricken from the file ; and to this ruling the defendant duly excepted. The plaintiffs derived their right to the possession of the property sued for from a mortgage which had been executed by the defendant to them, which conveyed the said property ; and on the trial of the cause, as is shown by the bill of exceptions, the plaintiffs introduced in evidence this mortgage, and further introduced evidence tending to show the value of the property sued for, and that it was in the possession of the defendant when suit was brought.

The defendant introduced evidence tending to show that said mortgage was, before suit was commenced, transferred and delivered by the plaintiffs to one J. D. Murphree, as collateral security, to secure a debt due by plaintiffs to said J. D. Murphree ; and introduced in evidence a written instrument by which the said mortgage was so transferred as collateral security to J. D.

[Rotten v. Collier & Co.]

Murphree. On the back of this instrument there was written a receipt given by the plaintiffs to Murphree for the mortgage from the defendant; and the testimony tended to show that the plaintiffs obtained the mortgage from Murphree before the bringing of the present suit. The defendant's evidence further showed that after the sheriff seized the property sued for, the defendant failed to give bond therefor, and plaintiffs thereupon executed a bond as provided by law, and took possession of the property; and that before the first term of the court after suit was instituted, the plaintiffs sold and parted with all their interest and title in the property sued for, and did not have possession of the property at the time of the trial of the cause. The defendant requested the court to give the following written charges to the jury, and separately excepted to the court's refusal to give each of them as asked: (1.) "If the jury believe from the evidence, that after the commencement of this suit and before the first term of court to which said suit was brought, [plaintiffs] sold and parted with the title to said property sued for, then the plaintiffs can not recover the property sued for." (2.) "If the jury believe from the evidence, that the plaintiffs sold and parted with the title to said property sued for, after the first term of court to which the suit was brought, then the plaintiffs can not recover the property sued for." (3.) "If the jury believe from the evidence, that the mortgage was transferred and turned over to Murphree before the commencement of this suit, as collateral security, and said Murphree so held it at the time this suit was brought, then plaintiffs can not recover the property sued for." (4.) "If the jury believe from the evidence, that plaintiffs transferred the mortgage to J. D. Murphree before the commencement of this suit, and that said Murphree so held said mortgage at the time this suit was brought, then the plaintiffs can not recover." (5.) "If the jury believe from the evidence, that, after this suit was commenced and before the trial, plaintiffs sold and parted with the title to the property sued for, then the plaintiffs can not recover the property sued for."

There was judgment for the plaintiffs. Defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

[Rotten v. Collier & Co.]

HUBBARD, WILKERSON & HUBBARD, for appellant, cited *Dryer v. Lewis*, 57 Ala. 551; Code, §§ 2664, 2674, 2677.

PARKS, HARMON & GAMBLE, *contra*, cited *Hanchey v. Coskrey*, 81 Ala. 149; 3 Brick. Dig., 306, § 1.

McCLELLAN, J.—The mortgage under which the plaintiffs, Collier & Co., claimed the property sued for was in their possession at the time of suit brought. The fact that it had previously been transferred by them to a third person as collateral security for a loan of money is of no consequence. Being in their hands at the commencement of the action, the natural presumption which the law indulges, in the absence of a showing to the contrary, is that the purposes of its conditional assignment have been met, and that therefore the instrument has been re-transferred by the delivery merely or otherwise to the mortgagee; and nothing appears here to the contrary. As is said in Jones on Chattel Mortgages, p. 508, § 444: "The mortgagee's right of recovery is not affected by the fact that he has assigned the mortgage as collateral security, if before suit is brought the assignee has surrendered the mortgage to him."—*Eddy v. McCall*, 77 Mich. 242.

It was equally of no importance that the plaintiffs, after getting possession of the property sued for under the bond given by them, upon the failure of the defendant for the statutory period to give bond, under section 2718 of the Code, sold and delivered it to a third person. It is quite true that had plaintiffs' title been divested out of them and passed into another pending the suit by operation of law or by its own limitations, they could not recover, (*Cole, Admr., v. Connelly*, 16 Ala. 271); but neither the voluntary sale of the property by them after it had come into their possession under the bond, nor the transfer by them at such time of the mortgage under which they assert title, has any such effect: they would still have the right to recover the property for, and their recovery would enure to, their vendee or assignee.— *Bedford v. Penny*, 65 Mich. 667; *Pace v. Pierce*, 49 Mo. 393, *Lacey v. Giboney*, 36 Mo. 320; Cobbey on Replevin, §§ 796, 814; *Hanchey v. Coskrey*, 81 Ala. 149. And there is every reason why this should be so under our statu-

[McMahan v. Jacoway.]

tory action of detinue where the bond given by either party for the possession of the property stands in the place of it, and where it is not infrequently necessary that the property should be sold pending the suit—always necessary indeed where it is of a perishable nature.

These considerations serve to determine all the exceptions reserved below against the appellant, save only the action of the trial court in striking out pleas 2 and 3, filed by the defendant, because they were not sworn to. And whether that ruling was abstractly correct or not we do not propose to inquire. If erroneous, it was without injury to the defendant, for that each of the pleas presented an wholly immaterial issue, and might well have been stricken out upon that ground.

The judgment of the circuit court is affirmed.