## EDWARD S. SNOW *vs.* WILLIAM N. ULMER.

### Knox.    Opinion January 31, 1898.

*Chattel Mortgage.    Description.    Date.*

A mortgage of chattels, described as in a store, covers only such property as was in the store at the date of the mortgage, although the mortgage may be actually executed at a later day. The date given becomes a part of the description of the property.

ON REPORT.

The case appears in the opinion.

*C. E. and A. S. Littlefield,* for plaintiff.

The mortgage did not become operative as a conveyance until it was actually delivered to the plaintiff, which was either on the afternoon of the 19th, or at the latest, on the morning of the 20th of November, long before which time the tea in controversy was in the store, and thus covered by the mortgage. While the date written in the mortgage is prima facie its date, the date of its delivery is the time when it first became effective as an instrument of conveyance. *Egery* v. *Woodward,* 56 Maine, 45.

*W. H. Fogler and M. A. Rice,* for defendant.

SITTING: PETERS, C. J., FOSTER, HASKELL, WISWELL, STROUT, SAVAGE, JJ.

HASKELL, J.   Trover against an attaching officer by a mortgagee, and the only question involved is whether the goods attached were covered by the mortgage.

Now, as said by plaintiff, a mortgage takes effect from the time of its delivery, regardless of its date. *Egery* v. *Woodward,* 56 Maine, 45 ; *Jones* v. *Roberts,* 65 Maine, 273. This mortgage was delivered after the goods had been deposited in the debtor's store and before the attachment. But it is contended that the description of the property mortgaged did not include the goods attached. The mortgage was dated November 18th, and executed, delivered

and recorded November 19th, after the goods had reached the store that morning. They were not in the store November 18th, at the date of the mortgage, which describes the property: "All the stock, fixtures and merchandise in the store No. 273 Main Street, in said Rockland."

The record held out that property only in the store at the date of the mortgage was conveyed. The date became a part of the description of the property mortgaged, and it can make no difference that the mortgage was not executed until the next day, or the next week, or the next month, or the next year, when it may have actually been delivered and recorded. It would then only cover property described in it, and the description is, of goods actually in the store at its date, not of goods afterwards put there, and its date was before the goods were put in. The doctrine of this opinion logically follows from our own cases, although neither one of them exactly fits the contention here raised. *Sawyer* v. *Long*, 86 Maine, 541; *Stirk* v. *Hamilton*, 83 Maine, 524; *Griffith* v. *Douglass*, 73 Maine, 532; *Chapin* v. *Cram*, 40 Maine, 564.

The case of *Partridge* v. *White*, 59 Maine, 564, is substantially in point. It was there held that a mortgage of goods "now in my store" covered only goods then there, inferentially at the date shown upon the face of the mortgage and the record thereof.

*Judgment for defendants.*