HAMMEL *v.* FIRST NATIONAL BANK OF HANCOCK.

CHATTEL MORTGAGES — PRIORITY — PURCHASE MONEY — AFTER-ACQUIRED PROPERTY.

> A purchase of chattels, and the contemporaneous mortgage thereof for the purchase price, constitute one transaction, entitling the mortgage to precedence over a prior mortgage covering the purchaser's after-acquired property.

Case made from Houghton; Streeter, J. Submitted December 13, 1901. Decided December 21, 1901.

Trover by Jacob Hammel against the First National Bank of Hancock. There was a judgment for plaintiff on verdict directed by the court, and defendant assigns error. Affirmed.

*Dunstan & Hanchette*, for appellant.

*Gray, Haire & Rice*, for appellee.

MOORE, J. The plaintiff obtained a judgment in the court below. The defendant has brought the case here as a case made.

In December, 1896, one Eliassen was indebted to the defendant, and upon that day gave it a chattel mortgage, covering all horses, wagons, sleighs, harnesses, etc., belonging to him; also all that might thereafter belong to him. The mortgage was duly recorded on the day given, with the town clerk of the proper township, and kept properly renewed. In January, 1901, the First National Bank of Hancock foreclosed the mortgage, took possession of all the chattels therein mentioned, and sold the same at public auction. November 16, 1900, Mr. Eliassen bought of the plaintiff three horses, and, at the same time, gave a chattel mortgage upon them and other personal property for the purchase price of said horses, which chattel mortgage

was at once duly filed. Later the defendant foreclosed its mortgage, seizing and selling the three horses sold by Hammel to Eliassen. Hammel then sued the bank in trover and recovered a judgment.

The sole question involved is, Which of these mortgages has priority? It is claimed by defendant that the record of the chattel mortgage is due notice to all who deal with the mortgagor as regards future-acquired property, citing *Eddy* v. *McCall*, 71 Mich. 503 (39 N. W. 734), and that this case is controlling in its favor. We cannot assent to this position. The sale by Hammel to Eliassen, and the giving of the chattel mortgage, were concurrent. They formed one transaction. Eliassen obtained no title freed from a lien. The only title he had was subject to the lien. It was not intended to give him any other title, and he did not expect to receive any other. We cannot express the rule of law which controls the case better than to quote from the opinion of Justice Bradley in *U. S.* v. *New Orleans Railroad*, 12 Wall. 362, which reads, in part, as follows:

"The appellants contend, in the next place, that the decision upon the facts was erroneous; that the mortgages, being prior in date to the bond given for the purchase money of these locomotives and cars, and being expressly made to include after-acquired property, attached to the property as soon as it was purchased, and displaced any junior lien. This, we apprehend, is an erroneous view of the doctrine by which after-acquired property is made to serve the uses of a mortgage. That doctrine is intended to subserve the purposes of justice, and not injustice. Such an application of it as is sought by the appellants would often result in gross injustice. A mortgage intended to cover after-acquired property can only attach itself to such property in the condition in which it comes into the mortgagor's hands. If that property is already subject to mortgages or other liens, the general mortgage does not displace them, though they may be junior to it in point of time. It only attaches to such interest as the mortgagor acquires; and, if he purchase property and give a mortgage for the purchase money, the deed which he receives and the mortgage which he gives are regarded as one transaction, and no general lien im-

pending over him, whether in the shape of a general mortgage, or judgment, or recognizance, can displace such mortgage for purchase money."

Judgment is affirmed.

MONTGOMERY, C. J., HOOKER and LONG, JJ., concurred. GRANT, J., did not sit.