**UNION NAT. BANK OF BARTLESVILLE v. LEIDECKER TOOL CO.**

No. 8802—Opinion Filed Jan. 13, 1919.

Rehearing Denied March 4, 1919.

(178 Pac. 690.)

(Syllabus.)

**1. Chattel Mortgages—Agreement—Equity.**

Where at the time of the sale of certain property and as a part of the transaction the buyer agrees to give to the seller a mortgage upon the property purchased to secure the purchase price thereof, the agreement is sufficient in equity to create an equitable lien upon the property, and is treated in equity as a mortgage thereon.

**2. Same—After-Acquired Property — Validity—Lien.**

A mortgage upon property to be acquired after its execution by the mortgagor is valid, and the lien created thereby attaches to such property as soon as it is acquired by the mortgagor to the extent of the interest acquired by him.

**3. Same—Equities.**

The lien created by an "after-acquired property clause" in a chattel mortgage upon property thereafter acquired by the mortgagor is subject to all liens and equities against the property at the time of its execution.

Error from District Court, Washington County; R. H. Hudson, Judge.

Suit between the Union National Bank of Bartlesville, Okla., and the Leidecker Tool Company, P. H. Mitchell, P. H. Mitchell & Co.. and another. Judgment for the latter, and the former brings error. Affirmed.

H. H. Montgomery and Burdette Blue, for plaintiff in error.

Foster & O'Neil and Rowland & Talbot, for defendants in error.

HARDY. J. P. H. Mitchell, doing business at times under the name of P. H. Mitchell & Co.. executed a mortgage upon one string of No. 20 Leidecker drilling machine complete, including boiler and all tools, an undivided one-half interest in two strings No. 24 Leidecker drilling machine complete, together with any and all increase and all other personal property of like kind which the mortgagor might thereafter in any way acquire, as security for the payment of certain promissory notes payable to the Union National Bank. On September 9, 1912, and on October 30, 1912, Mitchell purchased of the Leidecker Tool Company other property of like character, and as a part of the contract of purchase, agreed to execute to the Leidecker Tool Company notes and mortgages upon said property to secure the purchase price thereof, blanks for which purpose were furnished at the time the property was delivered, but execution was delayed for some time thereafter. The controlling question involved in this litigation is whether the prior mortgage, with the "after-acquired property," clause of the Union National Bank, is superior to the mortgages of the Leidecker Tool Company to secure the purchase price of the property sold by it to Mitchell. The trial court held the latter to be superior, and in this there was no error. Section 3829, Revised Laws 1910 is as follows:

"An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest."

Construing this statute, it has been held in a number of cases that a mortgage upon property to be thereafter acquired by the mortgagor is valid, and the lien created thereby attaches to such property as soon as the same is acquired by the person executing the mortgage. Payne v. McCormick Harvesting Machine Co., 11 Okla. 318, 66 Pac. 287; Garrison v. Street & Harper Fur. & Carpet Co., 21 Okla. 643, 97 Pac. 978, 129 Am. St. Rep. 799. But the lien only attaches to the extent of the interest acquired by the mortgagor. Such is the language of the statute. When Mitchell purchased the property of the Leidecker Tool Company it was a part of the agreement of purchase that a mortgage should be executed back to secure the purchase price. and this agreement was sufficient in equity to create an equitable lien upon the property when acquired, and is treated in equity as a mortgage upon the property, for the reason that equity will consider as done that which by agreement is to be done, and such agreement is valid and

enforceable as between the parties. U. S. Fidelity & Guaranty Co. v. Fidelity Trust Co. et al., 49 Okla. 398, 153 Pac. 195.

It is not a correct statement of the law to say that an "after-acquired property clause" in a mortgage displaces all junior liens upon such property. The purpose of the rule is to promote justice, and not to serve as an instrument of injustice, and where property comes into the mortgagor's hands subject to a mortgage or other lien, the "after-acquired property clause" in the prior mortgage will not displace them, but will only attach to the interest acquired by the mortgagor, and if the property is subject to a lien for the purchase money, this lien will have priority. The sale by the Leidecker Tool Company and the agreement to give the mortgage back were concurrent and were one and the same transaction, and the equitable lien arising therefrom is equal in point of time with the agreement to execute the mortgage. The Union National Bank was not prejudiced in any way by the purchase of the property, and its security was not diminished nor affected in any way, unless perhaps it were enhanced by the lien it acquired upon the property, subject to the lien of the Liedecker Tool Company. The Union National Bank was not a purchaser or an incumbrancer for value, and did not alter its position to its prejudice in any way after Mitchell acquired the property. If the property had never been acquired by Mitchell, its position would have remained the same, and for these reasons it is generally held that a mortgage with an "after-acquired property clause" attaches to the "after-acquired property," subject to all liens and equities against it at the time of its acquisition. United States v. New Orleans & Ohio R. Co.. 79 U. S. (12 Wall.) 362, 20 L. Ed. 434; Harris v. Youngstown Bridge Co.. 90 Fed. 322, 33 C. A. 69; Farmers' Loan & Trust Co. v. Denver L. & G. R. Co.. 126 Fed. 46 60 C. C. A. 588: Daly v. New York & G. L. Rv. Co.. 55 N. J. Eq. 595. 38 Atl. 202; Kickerbocker Trust Co.. v. Carteret Steel Co.. 79 N. J. Eq. 501. 82 Atl. 146: Hammel v. First National Bank. 129 Mich. 176. 88 N. W. 397, 95 Am. St. Rep. 431: Jones on Mortgages § 158.

The judgment is affirmed.