## SNOW v. CODY et al.

No. 12116—Opinion Filed Nov. 13, 1923.

(Syllabus.)

1. Chattel Mortgages—Mortgage on Goods and Fixtures—Validity—Rights of Creditors.

While a mortgage on a stock of drugs and fixtures may be void as against creditors, it is good as between the parties to the extent of the goods on hand at the time of its execution, and the delivery of the same to mortgagee by the mortgagor and foreclosure under the statute passes the title as against creditors who acquire their lien subsequently.

2. Same—After-Acquired Property.

But where the mortgage on a stock of drugs and fixtures does not cover additions to the stock and the mortgagor has used the proceeds arising from the sales in course of business for expenses, living, etc., by agreement with mortgagee, or his acquiescence, such delivery by mortgagor and foreclosure by mortgagee does not save

the mortgagee from liability for conversion as to the value of the property not a part of the stock at the time of the execution of the mortgage.

Appeal from District Court, Atoka County; J. H. Linebaugh, Judge.

Suit by Wylie Snow, as trustee of the estate of O. H. Roe, bankrupt, against R. D. Cody and E. A. Hightower, a copartnership doing business under the firm name and style of Cody & Hightower, and others. Judgment for defendants, and plaintiff appeals. Reversed, with instructions to grant plaintiff a new trial.

Geo. B. Rittenhouse and F. A. Rittenhouse, for plaintiff in error.

George Trice and Denver N. Davison, for defendants in error.

BRANSON, J. This suit is by Wylie Snow, as trustee in bankruptcy of O. H. Roe, doing business as Centrahoma Drug Company, against R. D. Cody and E. A. Hightower, a copartnership under the firm name of Cody & Hightower, and R. D. Cody and E. A. Hightower individually. The action is for conversion of certain drug stock, of the kind ordinarily and generally known to be kept in a drug store.

The defendants, in April, 1918, sold to the bankrupt, O. H. Roe, a stock of drugs, including fixtures. They were paid a part of the price, and notes and mortgage taken on the drugs, etc., furniture, and fixtures for the unpaid purchase money. The buyer ran the store, using, by agreement with the mortgagee, as plaintiff offered to prove, the moneys arising therefrom to defray expenses, living, etc., and purchased other goods of like character from wholesale vendors on credit to the extent of several thousand dollars, which goods were commingled with the old stock. After, the maturity of the notes and mortgage the mortgagor voluntarily turned the stock over to the mortgagees for foreclosure. They went through the form of foreclosure of chattel mortgage on all the goods in the store February 5, 1919, and the mortgagees purchased the same to satisfy their notes and mortgage.

The mortgage on the stock of drugs did not, by its terms, cover the after-acquired property. Such a mortgage covers and creates a lien on only the goods in the store at the time it was executed. Snow v. Ulmer, 91 Me. 324, 39 Atl. 993, 64 Am. St. Rep. 237; Godfrey v. Citizens' Nat. Bank, 64 Neb. 477, 90 N. W. 239; Midland State

Bank v. Kilpatrick, 54 Neb. 410, 74 N. W. 837; Kane v. Lodor, 56 N. J. Eq. 268, 38 Atl. 966; In re Doran, 154 Fed. 467, 83 C. C. A. 265.

Evidence offered by the plaintiff to show the agreement of acquiescence of the mortgagees in the application of the moneys arising from the sales to expenses, etc., was all excluded. This was directed at whether the mortgage was void as against creditors. See Bank of Perry v. Cooke, 3 Okla. 534, 41 Pac. 628; Citizens' State Bank v. Brown, 110 Minn. 176, 124 N. W. 990. The evidence as to the amount and value of the goods purchased by Roe and placed in the stock after the execution of the mortgage was also excluded. The rulings of the trial court on the tender of this evidence, we think, was error.

The defendants in error say, in effect, they took possession under the mortgage by consent of the mortgagor, and sold the property, and the fact of sale and validity thereof stands admitted, and they are therefore protected thereby. If the mortgage covered the after-purchased goods, and the validity of the sale was admitted, the plaintiff would have no suit in conversion. But to the amount due the creditors within the value of the goods not covered by the mortgage the plaintiff says the defendants are liable as for conversion. If the mortgage covered all the goods taken and sold, plaintiff could not complain. But he offered to prove only part of the goods taken were covered by the mortgage, if the mortgage was of any validity as against creditors.

In Kane v. Lodor, 56 N. J. Eq. 268, 38 Atl. 966, it is said:

"The lien of a chattel mortgage of a retail stock of goods at the time of enforcement rests only on the goods in stock at the time the mortgage was executed."

See, also, Tolerton & Stetson Co. v. First Nat. Bank, 63 Neb. 674, 88 N. W. 865; Rockford Watch Co. v. Manifold, 36 Neb. 801, 55 N. W. 236.

Applying this rule, the defendants were liable in conversion for the value of the goods sold which were not covered by the mortgage, and the action of the trial court in not permitting plaintiff to prove the elements of his case and in instructing the jury for defendants was error.

The judgment of the trial court is reversed, with instructions to grant plaintiff a new trial.

McNEILL, KANE, NICHOLSON, and COCHRAN, JJ., concur.