### KIRBY v. CAREY.

CHATTEL MORTGAGES—MORTGAGE FILED FIRST ENTITLED TO PRIORITY.
Where plaintiff, assignee of a title retaining contract on an automobile, filed her contract as a chattel mortgage 30 minutes before the defendant, holder of a bill of sale of the same automobile, filed his bill of sale, and both were innocent parties, the security of plaintiff is *held* to have priority, notwithstanding the money furnished by defendant was that actually used by plaintiff's assignor, an automobile dealer, with which to purchase the car.[1]

Error to Kent; Perkins (Willis B.), J. Submitted October 14, 1924. (Docket No. 86.) Decided December 10, 1924.

Replevin by Jennie Kirby and another against James Carey for the possession of an automobile. Judgment for plaintiffs. Defendant brings error. Affirmed.

*McAllister & McAllister* (*Lombard, McIntyre & Post,* of counsel), for appellant.

*L. W. Smith* and *C. G. Turner*, for appellees.

---

[1]Chattel Mortgages, 11 C. J. § 389.

SHARPE, J.    On June 14, 1922, the plaintiff Voltz entered into a written contract with Joseph J. Johnson, a dealer in automobiles in Grand Rapids, for the purchase of a Jewett sedan.   The price agreed upon was $1,578.50, of which $1,100 was then acknowledged to be paid.    This was in fact paid on July 6th by turning in a used car at $500 and payment of $600. The balance was to be paid in 12 equal monthly payments, for which notes were given.    Title was reserved in the vendor under conditions which the parties assume rendered the contract a security.    Johnson did not at that time have a sedan to deliver.    The serial numbers were therefore left blank.

On August 26th, Johnson assigned his interest in this contract to the plaintiff Kirby for a consideration of about $400.    This deal was brought about through Mrs. Johnson, a daughter of Mrs. Kirby, who was employed in Johnson's office, but was no relation to him.

On August 30th, Johnson entered into negotiations with the defendant which resulted in defendant's loaning him $3,100 with which to purchase three Jewett cars.    A bill of sale, in the nature of a security, was executed by Johnson on the following day.    The serial numbers were also left blank in this.    Defendant gave his check to Mr. McAllister, an attorney, who was to look after the matter for him, and on September 1st he procured therewith a draft from his own bank for the amount, payable to the order of Paige Sales & Service, and delivered the same to Johnson, with the understanding that Johnson was to wire him the serial numbers of the cars as soon as the purchase was made.    This Johnson did on September 2d.    He drove the cars he had purchased to Grand Rapids, arriving there on Sunday, September 3d.    Monday was Labor Day and a holiday.    On September 5th, McAllister checked up the numbers sent him with those on the cars, inserted them in the

blanks in defendant's bill of sale, and filed it.    Upon the arrival of the cars (only one of which was a sedan) in Grand Rapids, Mrs. Johnson, with whom Mrs. Kirby had left the contract, inserted the serial numbers of the sedan in the contract and filed it, 30 minutes before the defendant's bill of sale was filed. The sedan was thereafter delivered to Voltz.    He paid two of the notes to Mrs. Kirby on September 18th. On October 30th, Mr. McAllister, learning that Voltz had the sedan, sent an officer to him, who induced him to deliver it over.    Mrs. Kirby brought replevin.    Defendant gave bond for the release of the car.    It appearing that Voltz had an interest in it, he was made a party plaintiff.    The case was tried by the court without a jury.    The court concluded, as matter of law, that plaintiffs were entitled to recover and entered judgment for Mrs. Kirby for $398.76, and for Voltz for $1,179.74, with interest and costs.    Certain amendments to the findings were proposed, but as there is no substantial disagreement in the testimony we have fairly included the facts stated therein in the above statement.

The several claims of the defendant are, in substance, embraced in the following:

"Defendant further contends that the advancing of the money by Carey, the giving of the bill of sale by Johnson to him to secure the purchase price, the purchasing of the car in question by Johnson, the forwarding of the car numbers to be placed in the bill of sale on Saturday, September 2d, to Mr. McAllister, and the completion and filing of the bill of sale on September 5th, was, in legal effect, a continuous single transaction, and that Johnson never acquired any title to the car except subject to Carey's lien thereon for the purchase price, and had no interest in the car which he could convey to Voltz, except subject to Carey's lien."

Johnson was under a legal obligation to both Voltz and Mrs. Kirby to secure a sedan and deliver it to

Voltz. As soon as he made such purchase for that purpose, Mrs. Kirby was authorized to insert the serial numbers of it in the contract assigned to her, and it then became effective as a security upon the car. By filing it she protected her interest against all subsequent liens. Johnson was also under legal obligation to purchase cars with the money loaned to him by defendant, and as soon as he had procured such cars defendant was authorized to insert the serial numbers thereof in his bill of sale, and it became effective, on filing, against all subsequent liens.

In effect, both the plaintiffs and the defendant advanced money to Johnson to purchase the car in question. That the money loaned by defendant was that actually used in making the purchase, gave him no lien for the purchase price or security on the car except that acquired by his bill of sale. Had the defendant sold the car to Johnson, a different question would be presented. *Hammel* v. *National Bank*, 129 Mich. 176 (95 Am. St. Rep. 431). The relation existing between Johnson and the defendant was simply that of debtor and creditor. The contract having been filed prior to the bill of sale, defendant's rights under the latter must be determined as if he had full knowledge of the contract and its provisions, including its assignment to Mrs. Kirby.

In this case, one of two innocent parties must lose through the dishonesty of Johnson. Both are claiming under securities obtained from him. We think the trial court correctly held that—

"The Voltz contract, being first filed and recorded, is entitled to priority over the Carey mortgage."

The other questions presented have been considered, but do not merit discussion.

The judgment is affirmed.

CLARK, C. J., and MCDONALD, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.