## SAMPLE v. GETMAN–McDONNELL–SUMMERS DRUG CO. et al.

(District Court, N. D. Oklahoma. July 17, 1926.)

No. 160.

1. Chattel mortgages ⬤84, 197(1), 198.

Under Comp. St. Okl. 1921, § 7650, an unrecorded chattel mortgage is valid between the parties and as to creditors of mortgagor who have not acquired liens on the property, and the effect of taking possession by the mortgagee, with mortgagor's consent, is the same as though a new mortgage was executed and recorded on that date.

2. Bankruptcy ⬤163—Unrecorded chattel mortgage, given by bankrupt for purchase price of property more than four months prior to bankruptcy, held not preferential transfer (Bankruptcy Act, § 60b, as amended by Act June 25, 1910, § 11 [Comp. St. § 9644]).

Where bankrupt purchased property more than four months prior to bankruptcy, giving a chattel mortgage for the price which though not recorded, was valid between the parties and against creditors not having liens, the fact that mortgagee took possession of the property within the four months, which had the same effect as recording, held not to make the transaction a preferential transfer, voidable under Bankruptcy Act, § 60b, as amended by Act June 25, 1910, § 11 (Comp. St. § 9644).

In Equity. Suit for injunction by Fred Sample, receiver in bankruptcy of Chester I. Hartman, against the Getman–McDonnell–Summers Drug Company and others. Injunction denied.

Yancey & Fist, of Tulsa, Okl., for plaintiff.

G. C. Spillers, of Tulsa, Okl., for defendants.

KENNAMER, District Judge. This suit is by Fred Sample, receiver appointed over the estate of Chester I. Hartman, adjudicated a bankrupt on the 26th day of June, 1926, on his voluntary petition, to restrain Getman-McDonnell-Summers Drug Company, a corporation, and others from selling furniture, fixtures, and drug stock of the bankrupt. The defendant entered its appearance in the cause, and in open court on the hearing for an injunction it was agreed that the court determine the validity of a chattel mortgage executed on the 1st day of February, 1926, to secure the purchase price of $8,000, agreed to be paid by Hartman to the Getman-McDonnell-Summers Drug Company, evidenced by promissory notes payable in installments of $125 semimonthly. It appears from the evidence introduced that the Getman-McDonnell-Summers Drug Company, mortgagee, with the consent of the mortgagor, Hartman, took possession of the drug store on the 19th day of June, 1926, a few days prior to the adjudication in bankruptcy, for the purpose of foreclosure of its unrecorded chattle mortgage, the terms of the mortgage having been broken by the nonpayment of a part of the semimonthly installments evidenced by notes.

[1] It was admitted by counsel representing the receiver that the sale of the drug store to the bankrupt was a bona fide sale, free from any actual fraud. The contention urged by counsel for the receiver is that, under the laws of the state of Oklahoma,

particularly section 7650, C. O. S. 1921, providing "a mortgage of personal property is void as against creditors of the mortgagor, subsequent purchasers, and incumbrances of the property, for value, unless the original, or an authenticated copy thereof, be filed by depositing the same in the office of the register of deeds of the county where the property mortgaged, or any part thereof, is at such time situated, * * * " the unrecorded mortgage in controversy is void as against the creditors of the bankrupt; furthermore, that the mortgagee in an unrecorded mortgage, who takes possession of the mortgaged property, gives force and effect to the mortgage as of the date possession is taken of the property as against creditors of the mortgagor, that the mortgage then is the same as though a new mortgage had been executed by the parties on the date of taking possession and recorded. See Garrison et al. v. Street & Harper Furniture & Carpet Co., 21 Okl. 643, 97 P. 978, 129 Am. St. Rep. 799. I have no fault to find with this rule of law, as it seems to be sound and supported by the authorities. But the applicable rule here is that the class of creditors referred to in the statute, supra, as construed by the Supreme Court of Oklahoma, is that an unrecorded chattel mortgage is a valid contract between the parties, and, when the mortgagee takes possession with the consent of the mortgagor by reason of a breach of the condition of the mortgage, his lien is superior to the claims of general creditors, except to that class of creditors who have acquired or fastened a lien upon the property by judgment, attachment, or otherwise prior to the possession of the mortgagee. Garrison et al. v. Street & Harper Furniture & Carpet Co., 21 Okl. 643, 97 P. 978, 129 Am. St. Rep. 799; Union National Bank of Bartlesville v. Leidecker Tool Co., 72 Okl. 121, 178 P. 690; In re Terrell (Anderson v. Oklahoma Moline Plow Co.), 246 F. 747, 159 C. C. A. 45; See Grand Forks Nat. Bank v. Minneapolis, etc., Co., 6 Dak. 357, 43 N. W. 806; Snow v. Cody et al., 96 Okl. 81, 220 P. 578.

A different question would have been presented had the issue been one where the mortgagee permitted the mortgagor of a stock in trade to remain in possession and to make sales therefrom in the ordinary course of business, applying the proceeds to his own use and to obtain credit from creditors in carrying on the business apparently as if he owned it without notice of any incumbrance. See 11 C. J. § 269, p. 573, and authorities therein cited. But no such issue has been presented on this hearing.

[2] It being established by the authorities that an unrecorded mortgage is valid between the parties and as against all creditors of the bankrupt not having acquired liens on the property, and the effect of the mortgagee taking possession was the same as if a new mortgage had been executed on that date and filed for record, it is then contended, in this situation, the mortgage may be attacked by the receiver of the bankrupt, or trustee, as a preference under Bankruptcy Act of July 1, 1898, c. 541, § 60b, 30 Stat. 562, as amended by Act of June 25, 1910, c. 412, § 11, 32 Stat. 799 (Comp. St. § 9644). This contention is untenable.

It was held in the case of In re Terrell, Anderson v. Oklahoma Moline Plow Co., supra: "Where a bankrupt obtained possession of personal property under a contract of conditional sale, reserving title in the seller until full payment of the price, and which under the law of the state, although unrecorded, was valid between the parties and as against all creditors of the bankrupt not having acquired liens on the property, the fact that the contract was filed for record within four months prior to the bankruptcy did not make the transaction a transfer of property by the bankrupt, which could be attacked by the trustee as preferential."

It is therefore ordered that the injunction be denied.