**HARBOUR-LONGMIRE CO. v. REID et al.**

No. 16864—Opinion Filed Oct. 5, 1926.

Rehearing Denied March 8, 1927.

**1. Liens—Agreement for Lien on Property to be Acquired—When Lien Attaches.**

An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest. Section 8329, R. L. 1910 (section 7409, C. S. 1921).

**2. Chattel Mortgages—Validity of Private Sale Per Agreement of Parties Regardless of Interest of Second Mortgagee.**

Notwithstanding the statute provides how chattel mortgaged property shall be sold on default, the mortgagee, by express stipulation of the mortgagor, even subsequent to the execution of the chattel mortgage, may sell the property without giving public notice of the sale; and an agreement between the parties to a mortgage to sell at private sale would be valid, even if the consideration of the agreement be that the mortgagee,

on waiver of public notice, would accept a less sum than that secured. Notwithstanding there may be a second mortgage on property, the first mortgagee and mortgagor may agree to dispose of the property, at private sale, and such sale will conclude and bar the second mortgagee, if made for full value, and applied on the first mortgage. The sale of mortgaged property by the consent of all parties is equivalent to a sale under the power contained in the mortgage, and is binding. Cobbey on Chattel Mortgages, chapter 36, art. 971.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Carter County; Asa E. Walden, Judge.

Action by Harbour-Longmire Company against E. D. Reid et al. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

McLaury & Hopps, for plaintiff in error.

Brown, Brown & Williams, for defendants in error.

Opinion by JONES, C. This suit was instituted in the district court of Carter county by the appellant, Harbour-Longmire Company, plaintiff, against appellees E. D. Reid et al., and R. W. Randol, defendants. The plaintiff replevied certain personal property which was owned by and in possession of E. D. Reid et al., for the purpose of foreclosing a certain chattel mortgage, given to plaintiff by the defendants Reid et al., to secure the purchase price of the property replevied.

The facts, as they appear from the record, disclose that the defendant Randol was the owner of a building in Ardmore known as the Randol Hotel, and a short time prior to the institution of this suit, said Randol entered into a rental contract with E. C. Donnelly, E. D. Reid, and Mrs. Donnelly Reid, whereby he leased or rented the Randol Hotel, and in the lease contract it was provided that the said Randol was to have a lien on all of the hotel fixtures and furniture owned by Reid et al., and the said Randol contends that under the provision of said lease contract he, Randol, was to have a lien upon all fixtures and furniture thereafter acquired by Reid et al. and placed in said hotel. It seems that the defendants Reid et al., at the time they entered into the lease contract with Randol for the hotel, owned no furniture or fixtures, and thereafter purchased practically all of the furniture and fixtures used by them in furnishing the hotel, from the plaintiff, Harbour-Longmire Company, who retained a mortgage lien on said furniture and fixtures for the purchase price thereof, and against Reid

and the Donnellys for $12,700. A small amount of furniture and fixtures used in the hotel was purchased from other parties, who assigned their claims to the plaintiff, Harbour-Longmire Company, prior to the time of the institution of this suit, and which was also mortgaged to the sellers to secure the purchase price thereof, and upon default in payment of the purchase price of said furniture, the plaintiff instituted this replevin action for the purpose of securing possession of the personal property, and foreclosure of plaintiff's lien. No redelivery bond was given and the property was delivered to the plaintiff, Harbour-Longmire Company, and thereafter sold at private sale for $11,000, which amount was credited on the indebtedness due the plaintiff from defendants Reid et al. The defendants Reid and the Donnellys agreed with the plaintiff, Harbour-Longmire Company, that the property might be sold at private sale. The defendant Randol contends that he refused to give his consent to the private sale, and now contends that the property was converted by the plaintiff, Harbour-Longmire Company, and that plaintiff is liable to the said Randol for all sums due him as rentals for said hotel.

Upon the trial of the case to the court without the intervention of a jury, the court rendered default judgment for plaintiff against defendants Reid et al. for $12,-358.60, with interest, and found that same was secured by mortgage covering the household and hotel furnishings and equipment used by said defendants in said Randol Hotel, and further found that the disposal of the property by plaintiff at private sale for the sum of $11,000 was by and with the consent of the mortgagors, Reid et al., and that said sale was for a fair price for said property, "and for a greater sum than could probably have been obtained if said property had been sold at public sale under the order of the court."

Thereafter, the issues were joined and tried out as between the plaintiff, Harbour-Longmire Company, and the defendant Randol, to determine the priority of the liens in question, and the court found that the defendant Randol held a valid and prior lien upon the furniture; that plaintiff unlawfully converted same, and that the defendant Randol was entitled to the possession of said property, and in case a return could not be had, was entitled to judgment against plaintiff for $1,499.33, interest and attorney's fee, the amount of his claim, and the special interest which he claims to have in said property, from which judgment the appellant prosecutes this appeal, and sets forth various assignments of error, and insists that the judgment in favor of Randol should be reversed and set aside, and that his cross-petition or claim should be dismissed by this court.

It appears from the record that Reid and the Donnellys had been adjudicated bankrupts, and this matter is set up as a defense to the defendant Randol's cross-petition, and also a waiver is pleaded, wherein a contract was entered into by plaintiff, Harbour-Longmire Company, and the defendant Randol, in which the defendant Randol released any prior lien or claim that he might have to the property purchased by his codefendants from the plaintiff, Harbour-Longmire Company, but we shall only consider one proposition which we think determines the rights of the parties in this case, and that is, that under the law and the decisions in this jurisdiction the lien for the purchase price of said property held by the plaintiff, Harbour-Longmire Company, is superior to the lien contended for by the defendant Randol, based upon the theory that the lien retained in his lease contract covered after-acquired property.

We think the identical question here involved has been passed upon by this court in the case of Union National Bank of Bartlesville v. Liedecker Tool Co., 72 Okla. 121, 178 Pac. 690, wherein attention is called to section 3829, R. L. 1910, being section 7409, C. S. 1921, as follows:

"An agreement may be made to create a lien upon property not yet acquired by the party agreeing to give the lien, or not yet in existence. In such case the lien agreed for attaches from the time when the party agreeing to give it acquires an interest in the thing to the extent of such interest"

—and it was held that a valid lien might be created on after-acquired property, "but the lien necessarily attaches to the extent of the interest acquired by the mortgagor."

This is clearly in accord with the language and intention of the statute, hence, the defendant Randol, in this case, assuming that his lease contract gave him a lien on after-acquired property, would acquire no lien upon any interest in the property except the interest acquired by the purchasers thereof, and his lien and interest would necessarily be subject to the lien of the plaintiff, Harbour-Longmire Company, for the purchase price of said property. There is no specific authority for the sale of mortgaged property at private sale, but this court has repeatedly held that the mortgagor and mortgagee may agree upon a private sale,

and further that where the rights of third persons or junior or inᵣerior lienholders intervene, and the sale is attacked, the burden is upon the mortgagee to show that the property sold for its fair market value, and thᵤ the sale was open and fair, and that the only remedy the aggrieved party has is in cases where he can show that ·the property was not sold for its reasonable market value, and that if it had sold for its reasonable market value, there would have been a residue or balance over and above the amount due the senior lienholder, in which event the junior lienholder is entitled to recover the difference or excess of the fair market value of the property over the amount for which it was sold to the extent of his claim. Jones on Chattel Mortgages (5th Ed.) sec. 789; First State Bank of Ardmore v. Daugherty, 31 Okla. 179, 120 Pac. 656.

ıu Cooney on Cnatteᵣ Mortgages, chapter 36, art. 971, the rule is announced as follows:

"Notwithstanding the statute provides how chattel mortgaged property shall be sold on default, the mortgagee. by express stipulation of the mortgagor, even subsequent to the execution of the chattel mortgage, may sell the property without giving public notice of the sale; and an agreement between the parties to a mortgage to sell at private sale would be valid, even if the consideration of the agreement be that the mortgagee, on waiver of public notice, would accept a less sum than that secured. Notwithstanding there may be a second mortgage on property, the first mortgagee and mortgagor may agree to dispose of the property at private sale, and such sale will conclude and bar the second mortgagee, if made for full value, and applied on the first mortgage. The sale of mortgaged property by the consent of all parties is equivalent to a sale under the power contained in the mortgage, and is binding."

Many authorities might be cited in support of this rule, but it is so well established in this jurisdiction that we deem it unnecessary, and it is evident from the record in this case that the property sold for its full market value as disclosed by the findings of the court, and that the amount received was less than the claim of the plaintiff, Harbour-Longmire Company; hence, there was no interest upon which the lien of the defendant Randol could attach, and the judgment of the trial court sustaining the lien of the defendant Randol was erroneous, and ıs therefore reversed, and the cause remanded, with directions to the trial court to dismiss the claim and cross-petition of the defendant Randol at his cost.

By the Court: It is so ordered.

Note.—See under (1) 37 C. J. p. 325, §32;

17 R. C. L. p. 598.   (2) 11 C. J. p. 704, §502 (Anno); pp. 709, 710; §511.