## McROBERTS et al. v. CITIZENS NAT. BANK OF MUSKOGEE.

No. 26959.    June 8, 1937.

Charles P. Gotwals, John T. Gibson, Wm. A. Killey, and James D. Gibson, for plaintiffs in error.

Joseph C. Stone, Charles A. Moon, and Francis Stewart, for defendant in error.

BUSBY, J. This action was instituted by the Citizens National Bank of Muskogee, as plaintiff, against F. M. McRoberts, R. T. Payne, and G. A. Derigo, as defendants, to recover a money judgment for $2,329.22 (the alleged balance due on a promissory note), together with interest and attorneys' fees as provided in the note. The defendant G. A. Derigo was never served with summons and is not a party to this appeal.

The note upon which the action was based was a partnership obligation.

The defendants McRoberts and Payne defended upon the theory that the note had previously been secured by a mortgage on personal property of a value in excess of the indebtedness evidenced by the note, and that the plaintiff had wrongfully converted the property, thereby rendering it liable for the value of the property.

The plaintiff bank, in substance, admitted it had taken possession of mortgaged chattels and sold the same at private sale and sought to justify its action upon the theory that such sale was honestly, fairly, and prudently conducted pursuant to an agreement with the mortgagors. In support of the position, it was established that when default had been made by nonpayment of the note, the bank received the following letter from R. T. Payne:

"Muskogee, Oklahoma,
"October 4, 1932

"The Citizens National Bank,
"Muskogee, Oklahoma.

"Gentlemen:

"You are hereby authorized to dispose of the machinery and equipment now located at Sugarland, Texas, and described in the chattel mortgage executed by Payne and McRoberts and now held by you, and to apply the net proceeds from the sale of said machinery and equipment as a credit on the note of $4900.00 executed by Payne, McRoberts and Derigo.

"You may make disposal of said property at public or private sale, and you are hereby authorized to take possession of said machinery for the purpose of making said sale, and to deliver possession thereof to any purchaser at said sale. Yours very truly, (Signed) R. T. Payne."

And the following telegram from the defendant McRoberts:

"RXKMA252 12—
"Marshall Mo. 3 455 P

"Citizens Natl Bank
"Muskogee, Okla.

"This your authority sell Payne McRoberts machinery Sugarland Tex Apply returns note F. M. McRoberts."

The bank further pointed out that after deducting from the sale price the alleged costs of sale, it had credited the proceeds thereof on the note, and the amount for which the action was brought represents the balance after allowing such credit.

The jury returned its verdict in favor of the plaintiff for $2,300, upon which judg-

ment was entered, and the defendants appeal. We shall continue to refer to the parties by their trial court designation.

The trial court instructed the jury upon the theory that the plaintiff bank possessed the authority to sell at private sale, and that if such sale was fairly and honestly conducted with such reasonable care 'and diligence as a reasonable and prudent person would exercise in disposing of his own property, the plaintiff was liable to account only for the sale price less the fair and reasonable cost of consummating the sale.

The defendants, having properly preserved the point for review, contend that the cause should have been submitted to the jury on the theory that as a matter of law the sale was absolutely unauthorized, and that the plaintiff was guilty of wrongful conversion of the property. They say that "as a matter of law no such authority (referring to authority for private sale of mortgaged chattels) was or could have been given by the defendant." This for the asserted reason that our statutes provide for public sale pursuant to posted notice. Sections 11272, 11273, and 11274, O. S. 1931. This method of sale the defendants say excluded any right to sell at private sale (even when an agreement to that effect exists), upon grounds of public policy, in view of article 23, sections 8 and 9, Okla. Const.; section 11711, O. S. 1931; section 10940, O. S. 1931; sections 10952, 10946, 9486, O. S. 1931. In support of their position that their consent to a private sale was void and ineffective under the law, they invoke the holding of this court in Burke v. Tarrant Inv. Co., 166 Okla. 179, 26 P. (2d) 949, wherein we held that a contractual provision contained in a note signed by a pledgor authorizing a private sale of pledged property was void. Our holding was based upon statutory grounds in recognition of a public policy formulated by legislative enactment and designed to protect pledgors against their own improvidence, since under the stress of urgent need when borrowing they might be inclined to waive the valuable statutory right of public sale of the pledged property. Whether our reasoning therein would also extend to contractual provisions of similar effect contained in a chattel mortgage or note executed in connection therewith is a question with which we need not deal in this opinion. In the case at bar the agreement between the mortgagor and mortgagee for a private sale of the property was made after default in payment of the mortgage debt. Because of that fact, the reason for the rule of the Burke Case, as well as the rule itself, does not apply. There is no logical or legal reason for denying to the parties the right to contract after default in payment of the debt secured by the mortgage for a private sale of the mortgaged chattels. We have heretofore recognized this freedom to agree upon a private sale. Harbour-Longmire Co. v. Reid, 124 Okla. 77, 254 P. 29. See, also, Jones on Chattel Mortgages (Bowers Ed.) par. 775a, vol. 2, p. 548. The contention of the defendants is not well taken.

It will be noticed that some of the mortgaged chattels involved in this action were located in the state of Texas. However, no question of conflict of laws is here presented.

The judgment is affirmed.

OSBORN, C. J., and RILEY, WELCH, PHELPS, CORN, GIBSON, and HURST, JJ., concur. BAYLESS, V. C. J., absent.