# FIRST STATE BANK OF ARDMORE v. DOUGHERTY.

No. 1306.    Opinion Filed January 9, 1912.

(120 Pac. 656.)

1.    **CHATTEL MORTGAGES—Notice of Sale—Waiver.** A mortgagor of chattels may waive the benefit of section 4418, Comp. Laws 1909, which provides for the posting of notices in five public places in the county where the property is to be sold at least ten days before the time therein specified for such sale, by consenting in the mortgage to a sale of the property on a different notice.

2.    **CHATTEL MORTGAGES—Sale—Purchase by Mortgagee—Validity.** Under a power of sale in a chattel mortgage giving the right to the mortgagee to purchase at his own sale, as well as under the provisions of section 4419, Comp. Laws 1909, a chattel mortgagee is entitled in good faith to become such purchaser, but when he does so, and the sale is attacked, the burden is upon him to show that the same was openly and fairly conducted, and that the price paid was not so grossly inadequate as to raise a presumption of bad faith.

(Syllabus by the Court.)

*Error from Carter County Court;*
*G. H. Montgomery, Judge.*

Action of the First State Bank of Ardmore against A. L. Dougherty. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*Potter & Potter,* for plaintiff in error.

*Eddleman & Graham,* for defendant in error.

DUNN, J.    This case presents error from the county court of Carter county, and is an action by the First State Bank of Ardmore against A. L. Dougherty to recover a balance due on certain notes which it held against him. The defendant pleaded payment, averring that prior to the bringing of the action divers sums of money had been paid to plaintiff, and that horses, mules, and other personal property had been taken under a mortgage held to secure the payment of the notes, and that the property

so taken by the plaintiff had been appropriated to its own use and benefit, and in the aggregate was more than sufficient to pay off and discharge the indebtedness sued for. The plaintiff claimed that the money received had been credited on the notes, and that the property taken was sold under the mortgage which had been foreclosed, and that proper credits had been given on the notes for the proceeds of the sale, and that the amount sued for was the sum yet due. The sole question presented arises out of the sale of the mortgaged chattels which was purchased by the plaintiff. The mortgage provided:

"I authorize and direct the Ardmore Loan & Trust Company (plaintiff's assignees) by its officers or agents, or the holder of said note to take possession of said property wherever the same may be found, without demand, and proceed to sell the same to the highest and best bidder for cash in hand, after advertising said sale and the terms thereof for ten days, by posting one written or printed notice in some public place in the city of Ardmore, Oklahoma, at which sale either party hereto may become the purchaser," etc.

Section 4419, Comp. Laws 1909, provides:

"The mortgagee, his assigns or any other person may in good faith become a purchaser of the property sold."

Counsel for defendant in error contends that the notice of the sale held was not in accord with the requirement of the statute (section 4418, Comp. Laws 1909), which provides that:

"Notice shall be posted in five public places in the county where the property is to be sold, at least ten days before the time therein specified for such sale."

It is to be seen, however, that under the terms of the chattel mortgage a power was conferred upon the mortgagee to sell the property by posting one written or printed notice in some public place in the city of Ardmore, Okla., and it is not claimed that this condition was not complied with. As the statutory method is not made exclusive, a mortgagor of chattels may waive the benefit of the terms of this section by consenting to a lesser notice. *Denny et al. v. Van Dusen, Adm'r, etc.,* 27 Kan. 437; Jones on Chattel Mortgages (5th Ed.) sec. 789; *Stevens v. Breen,* 75 Wis. 595, 44 N. W. 645. The notice given complied with the requirements of the mortgage.

The mortgage provided that either party could become a purchaser at the sale, and section 4419, Comp. Laws 1909, provides:

"The mortgagee, his assigns or any other person may in good faith become a purchaser of the property sold."

So that under either the contract or this statute, the mortgagee was authorized to become a purchaser, but acting under either he was required to act in good faith. As he could not become a purchaser except in good faith, wherever his sale and purchase is attacked, it is generally held that the burden is upon him to establish the *bona fides* of the transaction, and wherever he fails in establishing it, the sale is set aside, and he is then required to respond to the mortgagor for the reasonable value of the property sold at the time and place taken.

"A mortgagee purchasing at a grossly inadequate price, or without giving requisite notice, obtains only a colorable title, and is accountable to the owner for the fair value of the property at the time of the appropriation. The owner may disregard the sale and redeem the property. The burden is upon the mortgagee purchasing at his own sale under a power to show that the sale was fairly and openly made, in strict compliance with the power, and that the price paid was not so clearly and grossly inadequate as to raise a presumption of bad faith." (Jones on Chattel Mortgages, [5th Ed.] sec. 808a.)

See, also, 2 Cobbey on Chattel Mortgages, sec. 973; Herman on Chattel Mortgages, sec. 219; *Wygal et al. v. Bigelow*, 42 Kan. 477, 22 Pac. 612, 16 Am. St. Rep. 495; *Jones v. Franks et al.*, 33 Kan. 497, 6 Pac. 789; *Lee v. Fox et al.*, 113 Ind. 98, 14 N. E. 889; *Castner v. Darby*, 128 Mich. 241, 87 N. W. 199; *Denny et al. v. Van Dusen, Adm'r, etc., supra.*

The court in the case at bar, without considering the question of whether the sale was conducted in good faith or due notice given, adequate price paid, or any other element essential to the validity of the sale, and without instructing the jury as to the facts necessary to be established in order to hold the same void, gave the following instruction:

"And where the property is purchased by the mortgagee, the mortgagee is liable to the mortgagor for the reasonable value

of the property sold by him and entitled to credit therefor upon his indebtedness," etc.

The giving of this instruction is assigned as one of the errors on the part of plaintiff in error, and as we view it, from the doctrine declared by all the foregoing authorities, is sufficient to require a reversal of the judgment rendered, for herein the jury is instructed in effect that no matter how fairly the sale was conducted, or how completely all of the rights of the mortgagor were conserved or how nearly the fair value of the property was attained, still, on attack, it should be set aside, and the mortgagee be held liable to the mortgagor for the reasonable value of the property sold. Before the sale can be set aside and the mortgagee compelled to respond to the mortgagor for the value of the property taken, it must be made to appear that the mortgagee has failed to sustain the burden of good faith placed on him by the law.

For the reasons above given, the judgment of the trial court is reversed and the cause remanded, with instructions to grant the motion for a new trial.

TURNER, C. J., and HAYES and KANE, JJ., concur; WILLIAMS, J., concurs in conclusion.