## CITY OF EUFAULA v. OKLAHOMA CORRUGATED STEEL & IRON CO.

No. 7901—Opinion Filed July 31, 1917.

(166 Pac. 881.)

**1. Pleading—Answer—Denial.**

The petition in this case alleges the execution of a written contract between the parties; the answer having failed to deny the same under oath, the execution of the contract must stand as admitted. See section 4759, Revised Laws 1910 (Harris-Day Code).

**2. Appeal and Error—Review—Findings of Fact.**

The answer of the city alleges a warranty and a breach thereof which was denied by the plaintiff below. The court, having heard the evidence, decided the same adversely to the contentions of the city; and there being evidence reasonably sufficient to support the judgment of the court, we cannot disturb the same upon appeal.

(Syllabus by Hooker, C.)

Error from District Court, McIntosh County; R. W. Higgins, Judge.

Action by the Oklahoma Corrugated Steel & Iron Company, a corporation, against the City of Eufaula, formerly the Town of Eufaula. There was a judgment for plaintiff, and defendant brings error. Affirmed.

E. C. Hopper, for plaintiff in error.

H. L. Melton and Clark Nichols, for defendant in error.

Opinion by HOOKER, C. The defendant in error instituted suit against the plaintiff in error to recover a judgment for material sold and funished to the city by it, and in the petition it is alleged that on the 15th day of December, 1910, it entered into a written contract with the then town of Eufaula, whereby it agreed to supply to said town goods and material to the extent of $452 in accordance with the terms of a written contract, a copy of which is filed as a part of the petition and marked "Exhibit A," and that in pursuance to said contract it did so furnish and deliver to the said city said material, but that said city failed and refused to pay therefor, and that there was due and owing by said city to it said sum of money. The answer of the city was a general denial, unverified, and an allegation that said material was so furnished under a guaranty that it would perform certain work and stand a certain test, which it had failed to do, and that by reason of this breach of warranty the material thus furnished was rendered useless and worthless to the city, as it was not suitable for the purpose for which it was purchased, and as it was warranted it would be.

In the petition it is alleged that the company and the city executed a written contract, whereby the company obligated itself to sell and deliver to the city this material for the price stipulated. The answer not being verified, the execution of this contract stands admitted under our Code of Civil Procedure; hence that issue is settled adversely to the contention of the plaintiff in error, and this case must be treated as settled, so far as the execution or the contract is concerned, by reason of the failure of the city to deny the same under oath.

Upon the question of a breach of warranty, the record discloses that the defendant in error denied such a warranty; hence the issue between it and the city was purely a question of fact; and, inasmuch as the trial court decided the same adversely to the contention of the city, and there being evidence to support the judgment of the court, we must give to the judgment of the court the same force and effect that we would to the verdict of a jury properly instructed.

The judgment of the lower court is therefore affirmed.

By the Court: It is so ordered.