### J. I. CASE THRESHING MACH. CO. v. RENNIE.

No. 9463—Opinion Filed Dec. 10, 1918.

On Rehearing, Jan. 13, 1919.

(177 Pac. 548.)

1. Pleading—Admissions—Failure To Deny Under Oath.

Under section 4759, Rev. Laws 1910, all allegations as to the execution of written in-

struments and indorsements thereon are taken as true, unless the denial of the same be verified by affidavit of the adverse party, his agent, or attorney.

**2. Chattel Mortgages—Foreclosure — Statute—Waiver.**

While section 4026, Rev. Laws 1910, provides how a chattel mortgage may be foreclosed. yet this provision of the statute may be waived by the mortgagor by a stipulation in the instrument itself providing for a different method of foreclosure.

**3. Bills and Notes—Demurrer to Evidence.**

Record examined, and held, that the trial court committed an error in sustaining a demurrer to the plaintiff's evidence.

(Syllabus by Hooker, C)

Error from District Court. Garvin County; F. B. Swank, Judge.

Suit by the J. I. Case Threshing Machine Company against Albert Rennie and another. Demurrer of defendant Rennie to plaintiff's evidence sustained, and plaintiff brings error. Reversed and remanded for new trial.

Keaton, Wells & Johnston and Thompson, Patterson & Farmer, for plaintiff in error.

Albert Rennie, pro se.

Opinion by HOOKER, C. The company sued Albert Rennie and one P. N. Kerr in the lower court to recover a judgment upon promissory notes and to foreclose a chattel mortgage lien given to secure the payment of said notes. The petition contains four separate causes of action on certain promissory notes executed on the 13th day of June, 1914, signed by Rennie and Kerr. Certain payments were indorsed upon the notes, and there was a balance due as claimed of over $300.

Attached to the petition was also a copy of the chattel mortgage executed by the defendants below, of the same date as the notes. Said mortgage provided that upon default in the payment of said notes, or any interest thereon, etc., the first parties. the mortgagors, hereby authorized the mortgagee to treat the entire debt as due and payable, and to take said property wherever the same was found, and sell and dispose of the same, and all equity of redemption, at public sale or private sale, with or without notice, and on such terms as the said party of the second part or its agent may see fit, and to retain such amount as shall pay the aforesaid notes and interest and attorney fees.

After the institution of this action in the court below, Kerr left the state and defaulted in his answer.

The defendant Rennie admitted the execution of the notes and also the mortgage, but alleged as a defense that the plaintiff company had taken possession of the property, appropriated the same to its own use, and that said property at the time of its appropriation was worth $150 more than the amount due to it. This was denied by reply, and the cause was tried in the lower court. The plaintiff below introduced the notes and the mortgage, and also testimony showing that it made demand upon Rennie for the payment of the notes, and that he had failed and declined to pay the same, and requested the company to foreclose its mortgage, which it did after due and timely advertisement, and that said Rennie and others were bidders at said sale, and that the company purchased the property at a public sale fairly held, and credited the amount thereof upon the notes due by the defendant below to the company.

The evidence further shows that this sale was made at the request and instance of the defendant Rennie; that he was present at the sale, and was requested to bid more than he did for the property, but declined to do so, for the reason that he did not have the money to pay for the same. At the conclusion of the evidence for the plaintiff, the defendant Rennie filed a demurrer, which was sustained by the court, and the company has appealed here.

Our first attention is called to the state of pleadings. Section 4759. Rev. Laws 1910, provides that:

"In all actions, allegations of the execution of written instruments and indorsements thereon * * * shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

Giving this section of the statute the construction which the court has uniformly applied thereto, we are of the opinion that the trial court committed an error in sustaining this demurrer. By his failure to deny the execution of the written instruments and the indorsements thereon as provided by this statute, the same were admitted and constituted a complete cause of action against the defendant Rennie, and in favor of the company. See Pears v. Wilson, 23 Kan. 343; Hardwick v. Atkinson, 8 Okla. 608, 58 Pac. 747; Horne v. Bank, 42 Okla. 37, 139 Pac. 992; Gillespie v. Bank, 20 Okla. 768, 95 Pac. 220; Reed v. Arnold, 10 Kan. 103.

The mortgage in question, which the defendant Rennie admitted he executed, provided that the property might be sold either at public auction or at private sale, with or without notice, and while section 4026, Rev. Laws 1910, provides how a chattel mortgage may be foreclosed, yet this provision of the statute may be waived by the mortgagor by consent stipulated in the instrument providing for a different method of foreclosure. See First State Bank v. Dougherty, 31 Okla. 179, 120 Pac. 656, Ann. Cas. 1914D, 411; Reynolds v. Thomas, 28 Kan. 810; Harris v. Lynn, 25 Kan. 281, 37 Am. Rep. 253.

Applying this rule to the evidence as introduced in this case, we fail to see where any defense was established to the note and mortgage by the act of the company in selling the property at the time and place and manner shown by this testimony. This evidence was sufficient of itself to show that the company was a fair purchaser at this sale; that the property was sold in a way provided by the mortgage to the highest bidder, and in the presence of Rennie himself; and even though it be held that, the company being the purchaser, it had the burden of showing a fair purchase, this evidence discharges that burden, and as the property brought what the evidence here shows it was reasonably worth, and the sale was fairly made, we are at a loss to understand why the court sustained a demurrer to the evidence.

This demurrer admitted the truth of the plaintiff's evidence and all reasonable inferences to be drawn therefrom, and under the established rule of this court should not have been sustained. See Sartain v. Walker, 60 Okla. 258, 159 Pac. 1096; Rose v. Grocery Co., 54 Okla. 566, 154 Pac. 531; Shawnee L. & P. Co. v. Sears, 21 Okla. 13, 95 Pac. 449.

The judgment of the lower court is therefore reversed, and this cause remanded for a new trial.

By the Court: It is so ordered.

### On Rehearing.

PER CURIAM. It appears from the record that the Commissioner, in preparing the opinion in this case, was in error in stating the cause of action was upon promissory notes and to foreclose a chattel mortgage lien given to secure the payment of said notes. The action was upon promissory notes, to recover the balance due after crediting the notes with the proceeds of the property for which the notes were given; the property having been sold at a foreclosure sale. The notes were given for the purchase price of a threshing machine, and a chattel mortgage covering the machine executed to secure their payment. After default, Rennie requested the threshing machine company to foreclose the mortgage according to its terms and apply the proceeds to the extinguishment of the debt. This the company did, and Rennie's defense to the action was that the agent of the company agreed with him that the threshing machine was reasonably worth the balance due on the notes, and because the company bid the property in at the foreclosure sale for a less amount he refused to pay the balance due.

After consideration of the petition for rehearing, and a re-examination of the opinion by the commissioner, we think the opinion correct, and the mistake in stating the cause of action immaterial. Therefore the opinion, with this modification, is approved, and the petition for rehearing denied.