**DECKER et al. v. HICKMAN.**

No. 15825—Opinion Filed Nov. 17, 1925.

Rehearing Denied Feb. 2, 1926.

1. **Indians — Restrictions on Alienation of Land — Sale by Minor of Land Bought with Proceeds of Sale of Allotment—Rescission.**

The restrictions considered in this appeal are those defined in sections 1, 2, and 6 of of the Act of Congress of May 27, 1908, as confined to the question made by a Creek freedman minor, above the age of 18, who sells and conveys land independent of the supervision of the county court, purchased from proceeds from the sale of his allotment wherein it is sought to rescind the sale.

2. **Same — Removal of Restrictions — Statute—Sale Procedure.**

The Act of Congress of May 27, 1908, as construed by this court, removed the restrictions from the allotted land from certain classes of minors, members of the Five Civilized Tribes of Indians, subject to the condition that the allotted land be sold through the county court in a regular guardianship proceeding.

3. **Same—Sale of Allotment — Control of Proceeds.**

The sale of a minor freedman's allotment through the county court in a regular guardianship proceeding meets all conditions and requirements of sections 1, 2, and 6 of the Act of Congress of May 27, 1908. Thereafter, the management, control, and disposition of the funds from the sale of the allotted lands are matters to be governed by the laws of the state of Oklahoma.

4. **Same—Rescission by Minor.**

A minor Creek freedman, above the age of 18 years, who sells and conveys his land purchased with funds from the sale of his allotment may rescind the sale at any time during minority, or within one year after he attains his majority, upon restoring the property, or its value, or the money received for the conveyance of the land.

5. **Infants—Effect of Judgment Conferring Majority Rights.**

A judgment of a court of record confer-

ring majority rights upon a minor does not have extraterritorial effect.

### 6. Judgment not Sustained.

Record examined; held, to be insufficient to support judgment in favor of the plaintiff.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by J. B. Hickman in ejectment against W. W. Decker et al. for possession of real estate situated in Bryan County. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

MacDonald & MacDonald, for plaintiff in error.

Hatchett & Semple and Oscar Fowler, for defendant in error.

Opinion by STEPHENSON, C. Oliver Morris was a duly enrolled Creek freedman on the approved rolls of the Creek Nation of Indians. He received his allotment of land as a Creek freedman, which was later sold and conveyed through the county court of Bryan county in a regular guardianship proceeding. The guardian of Oliver Morris purchased 160 acres of land situated in Bryan county, from the funds received from the sale and conveyance of the minor's allotment. The title to the 160 acres of land was taken in the name of Oliver Morris, who later became a resident of Denison, Tex., in Grayson county, and resided there at the time the events occurred which are complained about here. The district court of Grayson county, in a proceeding had therein, conferred majority rights upon Oliver Morris. Thereafter, and on January 8, 1921, Oliver Morris, joined by his wife, sold and conveyed the 160 acres of land situated in Bryan county to W. W. Decker for the agreed consideration of $3,000. Oliver Morris was 21 years of age about February, 1922. Thereafter, Oliver Morris sold and conveyed the 160 acres of land, formerly sold and conveyed to W. W. Decker, to J. B. Hickman on or about March 27, 1922. Thereafter, and within one year from the date Oliver Morris attained his majority, J. B. Hickman commenced his action in ejectment for the possession of the land against W. W. Decker et al. The trial of the cause resulted in judgment in favor of the plaintiff for the possession of the land. The defendants have appealed the cause here and assigned several of the rulings of the trial court as error for reversal of the cause. Among the

several errors assigned are: (1) That the judgment is contrary to the evidence. (2) That the judgment is contrary to law.

The cause was tried, in part, upon an agreed statement of facts, and upon certain evidence introduced in the course of the trial of the cause. It was agreed and stipulated between the parties in the trial of the cause that Oliver Morris received money and property of the value of $3,000, for the sale and conveyance of the land to W. W. Decker. The age of Oliver Morris and the dates of the deeds through which the plaintiff and defendants claim are not disputed.

The plaintiff makes the point that Oliver Morris, being a Creek freedman under the age of 21, could not sell and convey the land in question to Decker; that the deed to Decker was null and void for the reason that the land was restricted on account of being purchased with funds from the sale of his allotted lands. The plaintiff makes the further point that the land conveyed to Decker by Morris was in the same legal status as the allotment of the minor would have been, as the 160 acres of land was purchased with funds from the sale of the allotted land.

The plaintiffs in error make the point that the land involved was not the allotment of Oliver Morris, and that he represented to the purchaser that he was of age and presented affidavits to the same effect; that the abstract did not disclose that Oliver Morris was a minor, or that the land situated in Bryan county was purchased with funds from the sale of his allotment; that Oliver Morris upon his representation as to his age is estopped to assert the contrary and likewise those claiming through him.

It is the further contention of the plaintiffs in error that the proceeding had in the district court of Grayson county operated to confer majority rights upon Oliver Morris, so that he might convey a good and valid title to the lands situated in Bryan county, Okla. A proceeding for conferring majority rights upon a minor is authorized by statute and is not in accordance with the course of the common law. The power to exercise this jurisdiction does not inhere in courts of record, but is created by statute enacted by the state in which the courts are situated. Therefore, the judgment of a court of record in conferring majority rights upon a minor has no extraterritorial effect. It is the province of each state and the courts thereof, to determine when and how resident minors may sell and convey their

real estate in their own right. The intentions and purposes of a state, in relation to the management, control, and disposition of a minor's estate, would be defeated if the judgment of a court of record conferring majority rights upon a minor was given extraterritorial effect. Therefore, the judgment of the district court of Grayson county, Tex., in conferring majority rights upon Oliver Morris did not authorize him to sell and convey his property situated in Bryan county, Okla., in his own right, by his own personal act. State v. Bunce, 65 Mo. 349; Wilkinson v. Buster, 124 Ala. 574, 26 South. 940; Marks v. McElroy, 7 South. 408; Hindman v. O'Conner (Ark.) 13 L. R. A. 490; Brown v. Wheelock, 75 Tex. 385, 12 South. 111.

The question made by the plaintiff, that lands purchased for a freedman minor, with funds from the sale of his own allotment, are governed by the same conditions and restrictions in relation to its sale and conveyance as his own allotment, is here for the first time. The effect of a conveyance of real estate by minor citizens of the Five Civilized Tribes, which was not purchased with funds from the sale of his allotment, was first before this court in the case of Armstrong v. Phillips, 76 Okla. 192, 181 Pac. 715. The same case was again before this court and is reported in 82 Okla. 83, 198 Pac. 499. The plaintiff in the latter case filed an amended petition which omitted the question of the effect of purchasing land for a minor with funds from the sale of his allotted lands. The case of Barlow v. Soldofsky, 84 Okla. 153, 202 Pac. 1009, presents a record similar to the one involved here, except that the land was not purchased with funds from the sale of the minor's allotment. The disposition of this appeal depends upon what conditions and restrictions, if any, follow the funds from the sale of a Creek freedman's allotment. The plaintiff must find support for his contention from the provisions of the Act of Congress of May 27, 1908. The act in question, as heretofore construed by this court, operated to remove the restrictions from the land of a minor Creek freedman, subject to the condition that the allotment be sold through the county court, in a regular guardianship proceeding. Jefferson v. Winkler, 26 Okla. 653, 110 Pac. 755.

Section 1 of said act removed the restrictions from a minor Creek freedman's land, but provided that the land should be subject to control and management under the direction of the county courts in regular guardianship proceedings. The further provision

of the act is, that a conveyance of a minor Creek freedman of his allotment should be made by a sale proceeding through the county court in a regular guardianship proceeding, according to the laws of the state of Oklahoma relating to the management, control, and sale of lands owned by minors. The Act of May 27, 1908, in relation to the allotted lands of a minor Creek freedman, is silent beyond this point. The act does not undertake to direct the management, control, or disposition of the funds from the sale of a minor Creek freedman's allotment.

Upon the admission of the state of Oklahoma into the Union, minor Creek freedmen, as well as other members of the Five Civilized Tribes, became citizens of the state, and their property subject to the laws of the state of Oklahoma, subject, however, to a proviso embodied in the Enabling Act, to the effect:

"That nothing contained in the state Constitution shall be construed to limit or impair the rights of persons or property pertaining to the Indians of said territories as long as such rights shall remain unextinguished), or to limit or affect the authority of the government of the United States to make any law or regulation respecting such Indians, their lands, property, or other rights by treaties, agreements, law or otherwise, which it would have been competent to make if this act had never been passed." Comp. St. 1921, p. 85.

Sections 1, 2, and 6 of the Act of Congress of May 27, 1908, do not refer to any lands of the members of the Five Civilized Tribes, except the lands allotted to them as their distributive share of the lands of the several nations of Indians. The act does not expressly, or by implication, refer to lands purchased for or by members of the several tribes of Indians. According to the proviso and the act quoted above, the control and management of the funds from the sale of the allotment of Oliver Morris were subject to the laws of the state of Oklahoma. Therefore, the acts of Oliver Morris in relation to the sale and conveyance of the lands purchased with funds from the sale of the allotment of Oliver Morris were subject to the laws of the state of Oklahoma. Therefore, the acts of Oliver Morris in relation to the sale and conveyance of the lands purchased with funds from the sale of his own allotment must be measured by the laws of the state of Oklahoma. It is admitted that Oliver Morris was above the age of 18 and not yet 21 years of age at the time he sold and conveyed the property to W. W. Decker on January 8, 1921. Ac-

cording to the agreed stipulation of facts, which made the enrollment record a part of the stipulation, Oliver Morris was more than 21 years of age at the time he sold and conveyed the land in question to J. B. Hickman. It was agreed and stipulated between the parties in the trial of this cause, that Oliver Morris received money and property of the value of $3,000 for his conveyance to W. W. Decker. There is a lack of clearness from the evidence as to the sum of money paid by J. B. Hickman to Oliver Morris for his conveyance, but according to the evidence, the consideration does not appear to have been more than $425 for the conveyance to Hickman.

The right of Oliver Morris to rescind the sale, and of this plaintiff to recover in the action, depends and is controlled by section 4978, Comp. St. 1921, which reads in the following language:

"In all cases other than those specified herein, the contract of a minor, if made while he is under the age of 18, may be disaffirmed by the minor himself, either before his majority or within one year's time afterwards; or in case of his death within that period, by his heirs or personal representatives; and if the contract be made by the minor while he is over the age of 18 years, it may be disaffirmed in like manner upon restoring the consideration of the party from whom it was received or paying its equivalent with interest".

The plaintiff in this case is required by the foregoing statutory provisions to restore to Decker the consideration received by Morris, with interest thereon at the rate of 6 per cent. per annum from January 8, 1921, in order to be entitled to judgment in this case. The plaintiff did not restore or offer to restore the consideration paid by Decker for the land. Therefore, the court committed error in entering its judgment in favor of plaintiff, and against the defendants for the possession of the lands sued for in this case. Barlow v. Soldofsky, supra.

The plaintiff is entitled to judgment for possession upon the undisputed material facts in this case, but upon the condition that he restore the consideration received by Morris from Decker in the sum of $3,000, with interest thereon at the rate of 6 per cent. per annum from January 8, 1921. The defendants in possession are entitled to judgment for the reasonable value of any lasting and valuable improvement made upon the property, subsequent to the deed from Morris to Decker, also for any taxes paid by the defendants during the same period of time. The plaintiff is entitled to the reasonable rental value of the land commencing with the year 1921, as an offset against the items which the defendants are entitled to recover.

The plaintiffs in error's contention in relation to estoppel applying to Morris cannot be sustained. The statutes authorize a minor to rescind a sale and conveyance made after he is above the age of 18 upon certain conditions. To give effect to the contention made by the plaintiffs in error, would operate to nullify the plain statutory provisions in relation to sales and conveyances and the disaffirmance thereof by minors.

This court has disposed of similar contentions in the past, as made by these plaintiffs in error in this appeal, adversely to their contention, and such contention cannot be sustained in this appeal. A different question would be presented by the plaintiff, if the land involved in this case had been purchased with restricted funds, and the defendants had been given notice of such condition. The Secretary of the Interior may remove restrictions from the land of minors under the provisions of the Act of May 27, 1908, and permit the sale thereof upon the condition that the funds be subject to certain restrictions. The Secretary of the Interior may then cause a restriction to be placed upon personal property, or land purchased from such restricted funds. U. S. v. Thurston, 143 Fed. 287; U. S. v. Pearson, 231 Fed. 270.

The cause is reversed and remanded for further proceedings in accordance with the views herein expressed.

By the Court: It is so ordered.

Note.—See under (2) 31 C. J. p. 514, §79. (3) 31 C. J. pp. 514, §516 (Anno), §79. (4) 31 C. J. pp. 1013, §55; 1022, §71 (Anno). (5) 31 C. J. p. 1011, §47. (6) 4 C. J. p. 1164, §3181.