### POSEY et ux. v. FIRST TRUST & SAVINGS BANK et al.

No. 20891. Opinion Filed May 31, 1932.

Withdrawn, Corrected, and Refiled June 7, 1932.

Rehearing Denied July 12, 1932.

Norman Barker and Carter Smith, for plaintiffs in error.

Poe, Lundy & Morgan, J. C. Pinkerton, and Hess Crossland, for defendants in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by First Trust & Savings Bank against Charles K. and Minnie Posey to recover the sum of $5,000, interest, and attorneys' fee, on a promissory note, and to foreclose a mortgage given to secure the same on lot 8, block 16, Morningside addition to the city of Tulsa.

After commencement of the action, the First National Company succeeded to the rights of the First Trust & Savings Bank, and was substituted as party plaintiff. John R. Skinner claimed a judgment lien against the lot in question superior to plaintiff's mortgage, and was made a party defendant. He thereafter filed his cross-petition.

Defense was that the premises upon which the mortgage was executed belonged to Charles K. Posey; that he was a minor Creek Indian of 1/16 degree blood; the mortgaged premises were purchased from proceeds derived from the sale of his original allotment; he was still a minor at the time of the execution of the mortgage; and it was therefore void. Plaintiff established that, prior to the execution of the mortgage, majority rights were conferred upon defendant Posey by the district court. The trial was to the court and resulted in a judgment in favor of plaintiff and defendant Skinner, on his cross-petition, the court having found that cross-petitioner's lien was subject to the mortgage lien of plaintiff.

There is no controversy between plaintiff and cross-petitioner.

Defendants have appealed and assert that the judgment is contrary to law. It is their contention that the Act of Congress of May 27, 1908, applies. and that, since Posey was a minor Creek Indian, the land—although no part of his allotment—could only be conveyed by sale through the probate court as provided by that act, and that the order of the district court of Tulsa county conferring majority rights upon him did not authorize him to convey the land. We do not agree with this contention.

Defendant Posey was an Indian of less than half blood and, under the act above referred to, restrictions upon his allotment were removed. The allotted land was properly sold through the county court of Tulsa county, and the proceeds invested in the land in question. Posey took title to the land so acquired free from restrictions, and the act relied upon is therefore without application.

In Tuck v. Sanders, 116 Okla. 218, 244 P. 31, the following rule is announced:

"A married minor member of one of the Five Civilized Tribes of Indians of less than one-half degree of Indian blood may convey lands, acquired after marriage, with proceeds derived from the sale of his allotted lands, free and clear of the supervision of the county court, exercising probate jurisdiction."

See, also, Decker v. Hickman, 116 Okla. 65, 243 P. 516; Carter Oil Co. v. Fleming, 117 Okla. 39, 245 P. 833.

In Carter Oil Co. v. Fleming, supra, it is said·

"There is another distinction between the Tidal Oil Co. Case and the instant case. There the allotment of a minor allottee was involved, making the same subject to federal supervision through the county court exercising probate jurisdiction as provided by section 6, Act Congress May 27, 1908; while in the instant case, the lands involved do not constitute any portion of the allotment of the minor allottee, being lands purchased with proceeds derived from such allotment, and said lands do not come within the purview of said section 6, as held by this court in the case of Tuck v. Sanders. * * *"

The land here involved does not constitute any portion of the allotment of the minor allottee, and is therefore not subject to federal supervision and is not governed by the Act of Congress relied on by defendants.

The judgment pleaded by defendant Skinner, under the record, constitutes a valid lien against the premises.

Under the above authorities, the trial court was correct in holding the mortgage valid and in rendering judgment foreclosing the same.

The judgment is affirmed.

RILEY, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J.. CLARK, V. C. J., and CULLISON, J., absent.