## POSEY et al. v. BROWN et al.

No. 22841.    Oct. 30, 1934.

Rehearing Denied Nov. 20, 1934.

Norman Barker, for plaintiffs in error.

C. S. Walker, E. M. Connor, Hunter L. Johnson, Floyd E. Staley, and George B. Schwabe, for defendants in error.

RILEY, C. J. This is an appeal from a judgment sustaining certain leases and mortgages covering land belonging to plaintiff in error Charles K. Posey. The plaintiffs in error commenced an action to cancel the leases and mortgages involved, all of which, except one mortgage, was in favor of Stanley W. Brown. This one mortgage was in favor of the First National Bank of Bixby, Okla., of which it was alleged that Stanley W. Brown was president and managing of-

ficer at the date of said mortgage. There were several separate leases covering the same premises running from the years 1928-29 to 1932. The first lease was for the years 1928 and 1929. All other leases involved were canceled by the judgment, and defendants in error do not appeal, and these leases are not now involved.

The mortgage in favor of Stanley W. Brown was given to secure said Brown against loss or damage in case possession under the lease here involved was not given. The lease stipulated the sum of $5,000 as liquidated damages.

After plaintiffs in error commenced their action to cancel, Stanley W. Brown commenced an action to foreclose his mortgage, and J. G. Hughes, as receiver of said bank, filed cross-action for foreclosure of its mortgage. The two causes were consolidated and tried together. Treva M. Brown, the divorced wife of Stanley W. Brown, was made a party, claiming under an assignment of the leases and a decree of divorce awarding her alimony and a lien on the interest of Stanley W. Brown in said leases to secure said alimony. Perry McKay intervened, also claiming under an assignment of the leases from Brown.

The principal ground relied upon for the cancellation of the leases and mortgages was the same as that relied upon in the defense of the foreclosure of the mortgage in the case of Posey et ux. v. First Trust & Savings Bank, 158 Okla. 269, 12 P. (2d) 913, viz., that the land involved belonged to Charles K. Posey; that he was a minor Creek Indian allottee of 1/16 degree Indian blood; that the premises here involved were acquired by money, the proceeds of the sale of a part of his allotment and the sale of an oil and gas lease on another part; that he was still a minor at the time of the execution of the leases and mortgages, and the leases and mortgages, not having the approval of the county court, were void. Here, as there, it was established that prior to the execution of the instruments sought to be canceled, majority rights were conferred upon Charles K. Posey, by the district court.

The contentions of plaintiffs in error in this regard were denied in the case of Posey et al. v. First Trust & Savings Bank, supra. Therein it was held:

"A minor Creek Indian of less than one-half degree Indian blood, whose majority rights have been conferred upon him by the district court, may execute a valid mortgage on land purchased by him with the proceeds

derived from the sale of his original allotment.

"Lands so purchased by a minor Indian citizen from the proceeds of the sale of his original allotment are not subject to federal supervision and are not governed by the Act of Congress of May 27, 1908. Land so acquired may be disposed of by such minor in the manner provided by state statute for a person not of Indian blood."

In addition to the grounds stated, plaintiffs in error alleged fraud, undue influence, want of consideration, etc., on the part of Stanley Brown in the procurement of said leases and mortgages. It was alleged that Stanley W. Brown was the president and in active control of the First National Bank of Bixby at the time its note and mortgage was executed, and that same was in fact an accommodation note given for the benefit of Stanley W. Brown to cover an alleged shortage of his to his bank, and that Posey received no consideration for said note and mortgage.

The issues involved on the question of fraud, undue influence, want of consideration, etc., were tried to a jury, and by agreement of the parties, eight special interrogatories were submitted to the jury for their answer instead of a general verdict.

All the questions going to the lease for the years 1928-29 and the mortgages were answered by the jury adversely to the contention of plaintiffs in error, and as to the leases for the years subsequent to 1929 were answered in favor of plaintiffs in error. The answers of the jury were adopted by the court as its findings of fact, and the lease for the years 1928 and 1929 and the two mortgages were upheld, and the leases for the years subsequent to 1929 were canceled.

Plaintiffs in error contend that the court erred in refusing certain instructions to the jury.

There was no error in refusing the requested instructions. Some of the instructions requested went to matters purely for the court. In all other matters the questions sought to be submitted in the requested instructions were properly covered and submitted by the court in general instructions given.

It is next contended that the court erred in refusing to admit in evidence for the consideration of the jury the mortgage in favor of Brown given to secure the performance of the lease contract for the years 1928 and 1929, which lease provided for the payment by Posey to Brown the sum of $5,-000, liquidated damages, in case the lessee, Brown, should be kept out of possession of said premises during the term of said lease, and thereafter admitting the instrument in evidence for consideration by the court in rendering final judgment.

The mortgage when first offered was objected to by plaintiffs in error upon the ground that it was a mere penalty against public policy and void. The objection was sustained and the mortgage was excluded.

On March 19, 1931, when the case came up for final decision by the court, defendant in error Brown reoffered in evidence the mortgage in question. It was then objected to by plaintiff in error upon the grounds, that it had once been rejected during the trial to the jury; that it was void and intended as a penalty and is forbidden by law; that it was intended to penalize the failure to perform a contract; that the plaintiffs were misled and led to believe that the court intended to permanently withdraw the same from the trial and from the consideration of the jury, when the plaintiff was entitled, if it was to be considered at all by the court, to have it considered by the jury, and would not have objected to same, but would have insisted that it be admitted in evidence before the jury, and to admit it at that time would be in effect to deprive plaintiffs of due process of law.

Thereupon the court stated that when the mortgage was first offered in evidence the objection of the plaintiffs thereto was sustained upon the theory that it was given to secure the payment of a penalty, but in view of authorities afterwards submitted: "The court is of the opinion that this mortgage is valid in so far as actual damages have been proven, and for that reason the objection will be overruled and the mortgage will be admitted."

Plaintiffs now contend that this was reversible error, "for the reason that its very execution and delivery was denied under oath by plaintiff in error at the trial. * * *"

The record does not sustain this contention. In the first place the objection was never made that the execution of the mortgage had not been proved, or that its execution was denied under oath, either at the trial or in the pleadings. In the amended petition plaintiff alleged that he did not know and could not, without seeing the original mortgage, say whether he had signed, but if he did sign it, his signature was procured by fraud, etc.

Answer to the petition of Brown did con-

tain a general denial, but this was modified by the further allegations of fraud, etc. Neither pleading was verified, so that the execution of the mortgage not being denied under oath, the execution stood admitted under section 287, C. O. S. 1921 (220, O. S. 1931).

Furthermore, Charles K. Posey, testifying in his own behalf, as shown by the record (C.-M. p. 179), admitted signing the mortgage.

In reference to the lease and mortgage, after stating that they were not signed on the night of June 26th, he testified:

"Q. Charlie, can you say whether you was in the bank or at Stanley Brown's house or in Tulsa the next day when you signed the papers? A. I signed the papers the next morning. Q. The next morning? A. Yes, sir."

And again, in answer to a question by the court:

"By the Court: Q. Where did you sign that instrument? A. At his house, the next morning."

The court did err in excluding the mortgage in the first instance, but the error was in favor of plaintiffs in error and brought about by them. Of this they have no right to complain. Plaintiffs in error were not prejudiced by the action of the court in later admitting the mortgage in evidence. Its legality and the extent thereof were questions of law for the court to determine.

It is not now contended that the mortgage, if properly executed, was not legal and binding to the extent of the actual damages proven, viz., the actual cash rental value of the property for the two years involved as found by the jury and adopted by the court, at $1,680 per year.

It is next contended that a new trial should have been granted upon the amended motion setting up accident and surprise and newly discovered evidence.

The evidence relied upon was not newly discovered, for the record discloses that counsel for plaintiffs in error knew about it, knew the witness who it is claimed would testify to it, and had his written statement thereto in his possession long before the trial.

The real claim is that because of the illness of this witness he could not attend the trial, and that counsel, though knowing of his illness, expected him to be able to attend the trial until the last day, but was disappointed in that the illness became more severe and plaintiffs were thereby unavoid-ably deprived of the benefit of his testimony.

The evidence was cumulative in its nature and not sufficient to support a motion for new trial had it been newly discovered evidence.

Counsel for plaintiffs in error, although he knew before he closed his case that the witness would not be able to attend the trial, made no effort to obtain a continuance or postponement of the trial in order to obtain the testimony, made no suggestion to the court whatever as to the absence, or even existence of such witness. Evidently counsel considered the testimony as not essential. Furthermore plaintiffs in error could have asked that the witness be called and his testimony given at any time before the court entered his final judgment, as, after all, this being a case in equity and the findings and verdict of the jury being advisory only, and the questions of fraud, etc., being questions finally for the court, the testimony of said witness doubtless would have been admitted by the court at the same time he admitted the mortgage had it been requested.

There was no error in overruling the motion for new trial. The judgment is not against the clear weight of the evidence and no substantial error appears.

The judgment is, therefore, affimed.

SWINDALL, McNEILL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and ANDREWS, J., absent.