Ernest C. KENDALL, Plaintiff in Error,

v.

Norman L. SHARP, Defendant in Error.

No. 41173.

Supreme Court of Oklahoma.

March 7, 1967.

Rehearing Denied April 11, 1967.

Fred A. Tillman, Pawhuska, Bill Heskett, Jack Heskett, Bartlesville, for plaintiff in error.

James W. Connor, Bartlesville, for defendant in error.

## PER CURIAM.

This is an action wherein the plaintiff filed in the trial court a verified petition seeking of the defendant the specific performance of a written contract for the sale of real estate. The plaintiff alleged the execution of a written contract by the defendant, which provided for the conveyance of certain described property. The defendant filed an unverified answer consisting of a general denial and also filed a cross-petition. The plaintiff replied to the answer and cross-petition by a verified denial.

At the conclusion of the trial, the trial court sitting without a jury decreed specific performance of the contract. From an order overruling a motion for a new trial, defendant appeals. The parties will be referred to in this opinion by their trial court designation.

■ The defendant first contends that the trial court erred in holding that the execution of the written contract as alleged in the verified petition was deemed admitted for failure of the defendant to verify his answer which denied the same.

Title 12 O.S.1961, § 286, provides:

"In all actions, allegations of the execution of written instruments and endorsements thereon of the existence of a corpo-

ration or partnership, or of any appointment of authority, or the correctness of any account duly verified by the affidavit of the party, his agent or attorney, shall be taken as true unless the denial of the same be verified by the affidavit of the party, his agent or attorney."

The defendant argues that this statute does not specifically require the verification of an answer denying the execution of a written contract, except in those instances where the written contract pertains to the existence of a corporation or partnership, or of an appointment of authority, or the correctness of any account.

Although a strict grammatical interpretation of the cited statute may lend support to the defendant's position, this court has consistently held that the execution of all written instruments, including contracts, falls within the purview of this statute. See Posey v. Brown, 169 Okl. 466, 37 P.2d 633; Osborn v. Moasco, Inc., 181 Okl. 140, 73 P.2d 113; Anderson v. Intemann, 139 Okl. 278, 281 P. 977; City of Eufaula v. Oklahoma Corrugated Steel & Iron Co., 66 Okl. 55, 166 P. 881; J. I. Case Threshing Machine Co. v. Rennie, 71 Okl. 309, 177 P. 548.

We hold that the defendant having failed to verify his answer, the statements of the petition alleging due execution of the written contract must be taken as true and no proof was required to prove the execution of the instrument.

■ The defendant next contends that requirement of verification of the answer denying the execution of the written contract was waived by the plaintiff. The defendant argues that a failure of verification is waived where the plaintiff does not raise the issue by a motion to strike and files a reply thereby joining the issues.

The defendant urges that the decision in Fort Worth Lead & Zinc Co. v. Robinson, 89 Okl. 221, 215 P. 205, requires a challenge to the verification to be made by a motion to strike, and if not, the lack of verification is waived. The case is not in point as the court there was confronted with the sufficiency of a verification and not a complete

failure of verification as in the present case.

The cases of Mid-Continent Supply v. Hauser, 176 Kan. 9, 269 P.2d 453, Jones v. Citizens State Bank, 39 Okl. 393, 135 P. 373, and St. John v. Ivers, 124 Okl. 215, 255 P. 706, which the defendant cites for support of waiver in the present case, are also not applicable. In each of the cited cases the parties had proceeded to trial with the introduction of evidence on the assumption that a sufficient verification had been made. In the present case, the plaintiff's position that the want of verification of the answer admitted the execution of the written contract was known to the defendant prior to the trial.

The facts in the case herein show that a challenge to the failure of verification was made by the plaintiff during the pre-trial hearing. Yet at no time did the defendant seek to amend his answer by verifying the same. At the commencement of the trial, before the introduction of evidence, the trial court ruled that the execution of the written contract was acknowledged by failure to deny it by a verified answer and the trial was conducted on the basis of that ruling. In these circumstances, the fact that the plaintiff filed a reply to the unverified answer does not constitute waiver.

■ Defendant also assigns as error the admission of certain alleged hearsay evidence by the trial court. The trial court was sitting without a jury, and this court has many times held that in a trial to the court the admission of evidence is largely discretionary. In the absence of a showing that the court's discretion was abused or that the parties were substantially prejudiced, the ruling of the trial court will not be disturbed. Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914; Rivers v. Parker, Okl., 382 P.2d 16. We have examined the record and find no prejudicial error. In addition, however, it should be noted that the evidence in question was later corroborated by other witnesses.

■ Defendant's final assignment of error was that the evidence did not show the existence of a written contract. As noted above, the existence of the contract was presumed by virtue of the defendant's failure to make a verified denial and evidence of its formation is not required.

We find no error, and therefore the judgment of the trial court is affirmed.

This Court acknowledges the services of Streeter Speakman who with the aid and counsel of Maurice E. Lampton and Jack Sellers, as Special Masters, prepared a preliminary advisory opinion. These attorneys have been recommended by the Oklahoma Bar Association and appointed by the Court. The Chief Justice then assigned the case to HODGES, J., for review and study, after which and upon consideration by the Court, the foregoing opinion was adopted.

JACKSON, C. J., IRWIN, V. C. J., and DAVISON, WILLIAMS, BLACKBIRD, BERRY, HODGES and McINERNEY, JJ., concur.